As I prepared for this argument, I think the Court can understand that the gravitational pull of it for me was with the Utesh Carr issues because they seem to be real important here. And on reflection, I think I'd like to commence this discussion with the point that I don't want to lose sight of my original argument here. I don't want that to get lost in the dust. The original point here was, insofar as the notice claim was concerned, is that the Attorney General was assigned two statutory tasks when SORNA was enacted. One was to determine retroactivity. The other was to determine how the population of people that would be affected by that retroactivity would be notified of the SORNA requirements. Can I just ask this one question, counsel? The conditional plea agreement in this case provided that your client reserved the right to appeal only, and I'm quoting, the right to have an appellate court review the adverse resolution of the defendant's pretrial motion to dismiss. Do you believe that the Utrecht case falls within that? I do, Your Honor, precisely because the notice claim, in its broad sense, was contested by the government on the ground that the Code of Federal Regulations provided the notice. So I think the efficacy of that notice, both factually and legally, is in play here. But you don't have a retroactivity issue here in any event, do you, in light of whatever date you pick, although I suppose the Utrecht was 2008, but the other circuits that have weighed in on it are, I think you would admit, prior to the time that your client's date is involved. Yeah, I don't think, I want to be careful and understand the question here, Your Honor, respectfully. I don't know exactly what the question is. The majority of circuits had weighed in and said that... Let me say it flat. The circuits that have weighed in on the effective date of Selmer, in this case, two of those dates are dates that occur prior to the charged dates in your client's case, right? Correct. July of 2006. So unless we adopt the Utrecht reasoning, you're out of luck on this particular point. Is that correct? That's my question. Okay. There is no question about that. Okay. I fully concede that. If it's either the 06 date, the enactment date, or the Code of Federal Regulations date, February 28th, 07, our travel occurred post that, so there would be no issue. But I guess I'd like to return to the point, the original point, that we always contested and claimed that the notice that was supposed to have been provided in the Code of Federal Regulations was not effective. Now, granted, we didn't parse out, as Utrecht does, the difficulties with the Administrative Procedure Act and so on. But the claim was there, and we always maintained that the notice wasn't provided. What do you do with the issue that your client was required by state law to continually register? And indeed, the language and the document that he signed, I guess his first registration was in 1998 in Nevada. He also registered annually from 2000 to 2007. And at the bottom of the form, it says, if you move from the above listed residence to another jurisdiction, you must notify the local law enforcement agencies with whom you are currently registered and the law enforcement agency who has jurisdiction over the address you have moved to. Now, that's state law. Right. Your client is bound by that. I think you would concede, right? Well, I would concede that, and I would jump ahead. I have that language right in front of me here. Right. In fact, I proffered the exhibits, so that's where Judge Lovell took that language from. I didn't think that there was any point in not being frank about that. Right. Frankly, Your Honor, I'm lost on the point that we can cobble together various aspects of state law to provide notice that was required by the Attorney General to provide. It's your argument, I know, that the government has an obligation to notify your client. I guess my question is, since your client already was obliged to comply under state law, what's the issue about notice, even if there isn't one? I don't mean to be disrespectful, but I'd answer the question with a question. Then, Your Honor, what would be the point of having the statutory obligations laid on the Attorney General to provide something the equivalent of actual notice? If you read the legislation, the SORNA legislation, it is very specific in how people are supposed to be notified of these requirements. And what section are you reciting? And basically it says that that would be 16917. What I understand you to be saying, and how I understood your argument, and correct me if I'm wrong, is you're not claiming a constitutional right to that notice because that would be taken care of by the fact that he had a state requirement. You're saying as a matter of statute, he was entitled to a certain kind of notice, and as a matter of statutory law, not constitutional right, it doesn't kick in until he gets a notice prescribed by federal law. Well, actually, Your Honor, I'd want to conflate the two. I mean, I think that the Congress was very careful here. Let me ask you about that. Let's say the provision requiring the Attorney General to provide notice just weren't there. Right. If they're not there. Okay, these provisions, I guess it's 917 and 913. I think that's what I'm talking about. Let's say that part of the statute didn't exist. Okay. You'd have to rely entirely on a constitutional argument. Correct. And that would be very weak or nonexistent because of the rule that says if you are already under obligation under state law that your conduct is illegal, then sort of adding a layer of federal criminal punishment doesn't create an ex post facto problem, doesn't create a due process problem. So what you're saying is the fact that Congress added it in, you can't make a constitutional problem worse by adding in a statutory requirement. What you've done is you've added a statutory requirement. So this is why I'm reading your argument saying, well, if we don't have a constitutional claim to speak of,  But I'm not sure it helps you because the constitutional law is so bad for your clients on this. But there is a statutory requirement. What you're making is a statute that requires it, and that's what Congress acquired. And so under the statute, your client didn't get proper notice. That's what I understood your argument to be. Well, and I understand that people have their own perceptions and they're entitled to those. And maybe I don't exactly know precisely what all the points of view will be based on what I write. But suffice it to say. It's like an artist. It's like looking at Chagall. Perhaps. But suffice it to say, Your Honor, that I think. Maybe Dolly. That the Congress had in mind constitutional concerns. Fair enough. When. Fair enough. They enacted the provisions that I'm relying on. Okay. And they anticipated a cavalcade of arguments. And they said in advance. Okay. Let's deal with this on the front end. Let's be practical here. Why don't we take the retroactivity issue and the notice issue. This was a constitutionally inspired statutory requirement. And have the Attorney General. Let me ask you a completely different question. Your client was convicted. The underlying conviction is for incest. Correct. And I didn't see in the record anything about the underlying conviction. I don't think you raised anything. And maybe there was nothing there. But do we know what kind of incest this was? Well. Here's my question. Okay. All the registration cases I've seen that I remember have all involved children. And I'm just wondering after Lawrence v. Texas whether if it's incest with an adult. I don't see any issue there. You don't see an issue? No. I do not see an issue there. Yeah. And I know Lawrence v. Texas. So I'm not seeing anything. I'll look at it again. I think that sodomy convictions previous to Lawrence v. Texas might be covered by the registration requirement. But would constitutionally be barred. Right? You don't see that kind of issue? I'm not seeing anything there. Okay. No. I'm not. Okay. Well, you've got 12 seconds. We'll save this for you. Thank you, Ron. We'll hear from the government. May it please the court and counsel. I'm Marcia Hurd, and I'm an AUSA from the District of Montana. I handled this case below with some assistance from a former co-worker, Eric Wolf, who also assisted me with the brief. I think that the record does contain the fact, and I believe it's within the pre-sentence report, that this was a stepson who was a minor at the time of the conviction by Mr. Dietrich. Starting kind of from the end first, in the supplemental briefing, I guess I think that Judge Smith has a good point here, which is Mr. Dietrich, in a conditional plea agreement, reserved specific issues to be able to appeal. And the Utesh argument about the viability of the notice under APA was not one of those issues. Except that he raised retroactivity in his motion to dismiss and reserve the issues. He did. Utesh comes out later. What's the problem? Well, and I guess it's kind of a matter of semantics in some ways. I would rather see this court decide it, quite frankly. This is going to come up again repeatedly. It's come up in another case in which Mr. Donahoe and I actually decided, you know, argued this issue in the Jenkins case that was attached to his brief and Judge Lovell. So are you soft on the waiver? I'm soft on the waiver. Are you waiving the waiver? Let's see. Am I waiving the waiver? I'm not really strenuously arguing the waiver. I think we should get this decided. What do you feel about Dolly? Not at all. Not at all. I'm more of an Ansel Adams kind of girl. I mean, in fairness, he did. You're not conceding a lot. I mean, you're raising the argument, and I appreciate that. But, in fact, he raised retroactivity. If the cases had come out before that, then I think you'd have a very solid point. But the cases came out later, so at least he generally preserved it. Well, and as I said, we're going to have this same issue come up in Jenkins, and it's going to be in other cases. So let's just decide it. Ms. Hearn, your opposing counsel, Mr. Donahoe, suggests that the statute has, with an understanding to say, an express requirement that the federal government notify the defendant of his obligations under SOMRA. I can find no such provision. Can you find one? No. I think that's where so much of the discussion in the cases that have looked at this issue have talked about whether there is a specific notice requirement and the fact that that seems to be somewhat ambiguous. What it says is the attorney general shall have the authority to designate to whom this applies. And the AG took the position that it applied to everyone. But there is no specific requirement that the AG give personal notice to everybody who might be affected by this. Either by the statute or by any regulation promulgated under the statute. That's correct. Because by the very terms of SORNA itself, Mr. Dietrich is defined as a sex offender already, without regard to when the statute became effective. Right. But the only problem that comes into play here is, the only reason it's a federal case is because he traveled across state lines. Absolutely. And that occurred at a time when he may or may not have known about the federal requirements. Absolutely. Why isn't this a state case, really? Because of the interstate travel. It certainly, you know, the state of Montana certainly could have found that he was there and charged him. But the fact is that SORNA was specifically designated to deal with this type of person along with federally convicted offenders off reservations. Let me follow up with that. We've had other cases in which we've held in different contexts, that if a person is homeless, they're excused from the registration requirements because you can't send someone to prison for being homeless. So he tells Nevada he's going to be homeless. Now, I grant you, in this case, it's not the same thing as somebody who is actually truly homeless, but that's what he says he is. So he travels to Montana and he finally registers. What are we to do with that? Well, he didn't register until after he was arrested. I understand. I understand. And what we're to do with that is to look at his registration form that Judge Smith pointed out that he signed that says, here's what you need to do here in Utah, and when you leave and go somewhere else, you need to let them know as well. And he specifically did not. He certainly had registered, I believe it was for a period of almost seven or eight years, and knew what he needed to do. I'm not quarreling because I understand that you have the right because he did travel interstate, but it really is a state problem. The state of Montana hasn't been all that concerned about it. And now it's, I mean, is there something that's behind this prosecution? Oh, with regard to this specific defendant, the fact that he traveled interstate? But nothing else. I mean, he hasn't committed any new crimes as far as you know? Oh, no, he has not. There was no allegation that he committed. And this says a lifetime of supervised release and a year in prison? Correct. He got a 12-month sentence that he already served, and then Judge Lovell gave him a lifetime supervised release. And a lot of that was based on the pre-sentence report information, that this stepson was one of many children that he had sexually abused. And so he thought that in terms of needing supervision, that he was one of those sex offenders who needed someone to watch him for the There's no specific motive with regard to this defendant other than Congress has said SORNA applies to federally convicted defendants, which we have a lot of in Montana because we have the reservations. There's no obligation for there to be any particular motivation on the part of a U.S. attorney to file a prosecution in the event that a crime has been committed, right? None at all. I'm just asking about that. Is there anything else besides what we have here? No, there is nothing else besides what you have here. This is just a simple SORNA case. In our district, we've done somewhere between 40 and 50 of these cases in the last three and a half years. It's just something that we do regularly because he traveled interstate. So what do you make of the 16917B? I mean, you say he was a felon. He knew he had an obligation of the state law to register. But what do you make of the notice requirement? Well, I think the notice requirement from the statute itself was intended to reach people who couldn't comply with subsection B, people who were not in that specific position. Subsection A. Sorry. Subsection A. B deals with people. Right. A deals with people who are released from custody having been convicted. So these are the people. As they get out in the community, you need to notify them. And then he says B, presumably are people that are already in the community. Correct. Having been released sometime in the past. And the statute specifically has this requirement that the Attorney General prescribe notice to them. And there's some sense to this because, after all, the Attorney General has discretion. So the statute says, you know, you can have a broader or a narrower federal requirement. And the Attorney General has to. So just by looking at the face of the statute, you don't know. And so they say, well, you've got to have this notification. Why isn't it appropriate to hold that until that notification requirement is complied with, there's no obligation? Well, the notice requirement, such as it is, was certainly fulfilled when the CFR was promulgated. And I believe that that was in February 28th of 2007, so about seven months after the statute became law. And so there's, as you know from the Carr case, a split of authority then as to did it, you know, was it effective when the statute was passed in July of 2006? Was it effective on the interim rule that was promulgated on the CFRs in February of 2007? Or then we have this Utesh case, which is the only case who has addressed the APA issue, the notice and comment period, and the good cause requirement. In this particular case, and Mr. Donahoe, I think, conceded this, but I mentioned the government's perspective. You've got the 8th and the 10th Circuit that argue for the July 2006 enactment date. You've got the 4th, 6th, 7th, and 11th Circuits going with the February 2007 date. And some are arguing that our juvenile mail case from, I guess, 2009, 2010, in theory, went along with the 2007 date. Correct. Whether that's accurate or not, if we adopted the reasoning of any of those circuits, then Mr. Dietrich would be out of luck, right? Because his date of offense occurred after both of those dates. Absolutely. The only way he wins this situation is if this Court adopts the Utesh argument and the only circuit. That's the clear choice that we have today. Exactly. Okay. Exactly. Any other questions from the panel? Okay. Thank you very much. Just one question. Sorry. In your view, do we need to decide the Utesh argument in order to decide this case? We have to reach it. Well, unfortunately, because of the way the supplemental briefing is, I mean, I guess you don't have to know. You can say he's waived that under the express terms. This is your waiver argument, right? My waiver argument, yes. You're not waiving. You're just kind of smacking my foot. Well, I mean, I don't think I pushed real hard in the brief because, you know, it's accurate. This is an issue that's got to be decided. The government would like us to decide this case. Absolutely. Okay. Especially if we decide it in its favor. Absolutely. That would be even better. Thank you, Your Honor. Was there a cert petition in Utesh? I'm sorry? Was a government filed a cert petition in Utesh? I don't know the answer to that, Your Honor. I would be surprised if they did not, given the fact that that's the only circuit out of the, I believe, seven that had decided it. But I don't know the answer. Okay. Thank you. You've got 12 seconds. We'll round it down to nothing. No, I'm kidding. We'll give you a minute. Thanks. I just wanted to answer the question that we don't have to reach the issue or it doesn't matter. And it seems like, Your Honor, it feels that the case sort of shuts down if you land on the February 07 date. And I'm saying that's only true if you go on to find that that notice was effective. No, I appreciate that. What I was trying to understand from both you and the government is that if you look at the analysis of these cases that have either the February 2006 or February 2007 dates, they go on to find that it was effective on those dates. So I appreciate your contention that you don't buy the argument of either one of them. Right. And I appreciate that. Okay. And the last thing is if you looked at the exhibits, and the last exhibit is post-SORNA enactment that has that language in it that Judge Lovell cited to you, Your Honor. Right. And what would have been the harm putting a sentence in there that said, and the federal government has enacted a new registration law which you must follow and by signing this form you are aware of it. You know, that express language was not there and it was a simple fix. It reminds me of looking at Dolly. You can draw many things from it. Thank you, Your Honor. Thank you. The case is now in your stand submitted.
judges: Kozinski, Thomas, Smith M.